PAUL W. BELTZ
RUSSELL T. QUINLAN
ROBERT B. NICHOLS
KEVIN J. SULLIVAN
JOSEPH J. MARUSAK
PHILIPP L. RIMMLER
DEBRA A. NORTON
ANNE B. RIMMLER
WILLIAM A. QUINLAN
CRAIG R. WATSON
ROSANNE M. GUGINO
CATHERINE M. BELTZ-FOLEY*
STEPHEN R. FOLEY*
KEVIN J. GRAFF
BRIAN R. HOGAN
TIMOTHY M. HUDSON**
CARRIE R. MCELROY

# PAUL WILLIAM BELTZ, P.C.

### ATTORNEYS AND COUNSELORS AT LAW
### 36 CHURCH STREET
### BUFFALO, NEW YORK 14202-3905
### (716) 852-1000
### TELEFAX: (716) 852-5887
### E-MAIL: PWBLAW@PAULBELTZ.COM

HAMBURG OFFICE
185 PINE STREET
HAMBURG, NEW YORK 14075
(716) 649-3331

*Also admitted in CT and GA

**Also Admitted in OH

January 4, 2010

Hon. George H. Lowe
United States Magistrate Judge
Federal Building, US Courthouse
P.O. Box 7346
100 S. Clinton Street
Syracuse, New York 13261

**LETTER BRIEF**

> Re:   **Malmberg v. United States of America**
> Civil Action No.: 06-CV-1042 (FJS/GHL)

Dear Judge Lowe:

This writing is sent as a follow-up to our status conference on November 16, 2009 and in response to Mr. Larkin's letter brief to you dated December 7, 2009.  The subject of inquiry is a letter that I sent to Dr. Soriano prior to his review of this matter.  It was during the course of Mr. Larkin's deposition of Dr. Soriano it was revealed that Dr. Soriano rather than utilizing a separate piece of paper made some of his notes on the actual letter that I had sent him.  It is our position that this letter is not discoverable.

The letter submitted by William F. Larkin, Esq. claims there should be total, unrestricted disclosure of everything sent to an expert by a party's attorney.   He cites a number of cases, which he claims represents a majority opinion among the courts who have considered the issue, which hold in effect that the duty to disclose materials under F.R.C.P 26 (a) (2) (B) totally negates the immunity from disclosure of attorney work product provided by F.R.C.P. Rule 26(b)(3).   Mr. Larkin's letter cites no controlling precedent from the United States Supreme Court or the Second Circuit Court of Appeals in support of his position.   Instead, he cites appellate decisions from other Circuits and some New York Federal District Court cases which have chosen to follow these cases from other Circuits.

Plaintiff respectfully submits that in light of the tacitly admitted absence of any controlling precedent of the United States Supreme Court or Second Circuit Court of Appeals that is precisely on point, it should be the quality, not quantity, of precedent which should govern.  As is explained below, the decisions relied upon by Mr. Larkin do not give adequate weight to controlling precedents from the Supreme Court and the Second Circuit Court of Appeals regarding the immunity of "core" attorney work product from disclosure, and the so-called majority decisions repeat the same error in analysis of the interaction of F.R.C.P 26 (a) (2) (B) with F.R.C.P. 26(b)(3).   Indeed

the Advisory Committee on civil rules, whose 1993 Note was cited as authority by the so-called majority of courts setting aside the attorney work product rule, thought so little of the self-described majority of courts' interpretation that they have entirely repudiated the majority rule in the recently approved amendments of F.R.C.P. 26 (a) (2) (B) and 26(b)(3), as is discussed below.

A middle ground, between total and unrestricted disclosure of attorney work product on the one hand, and absolute prohibition of disclosure of attorney work product upon the other, was adopted in the case of  Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627 (E.D.N.Y.,1997).   In the Magee case, a distinction was made between factual information provided to an expert by an attorney, which was discoverable, and the attorney's "mental impressions, conclusions, opinions, or legal theories" of the case, or what the Magee court refers to as "core" work product, which was held to be outside the scope of disclosure by virtue of F.R.C.P. Rule 26(b)(3) .   Magee, supra,  172 F.R.D. at 642-643.

The new versions of F.R.C.P. 26 (a) (2) (B) and  F.R.C.P. 26 (b) (3) (B) will be almost identical to the Magee court's holding: facts or data sent to the expert are discoverable, whereas core attorney work product sent to the expert is not discoverable.   F.R.C.P. 26 (a) (2) (B) (ii) provides for disclosure of only "the facts or data considered by the witness in forming  them."   The new version of F.R.C.P. 26 (b) (3) (B) specifically provides that "If the court orders discovery of those materials, it must  protect against disclosure of the mental  impressions, conclusions, opinions, or legal  theories of a party's attorney or other representative concerning the litigation."

Significantly, in reaching its conclusion regarding the nondisclosability of "core" attorney work product, the Magee court relied heavily upon controlling precedent of both the United States Supreme Court and the Second Circuit Court of Appeals:

 Although the level of protection afforded core work product materials has not been defined precisely by either the Supreme Court or the Second Circuit Court of Appeals, it is clear that it is substantially higher than that provided by the "substantial need" and "undue hardship" test. See Upjohn Co. v. United States, 449 U.S. 383, 401-02, 101 S.Ct. 677, 688-89, 66 L.Ed.2d 584 (1981)(finding core work product entitled to "special protection" and requiring "far stronger showing of necessity and unavailability by other means" than that employed for disclosure of ordinary work product); In re John Doe Corp., 675 F.2d 482, 492 (2d Cir.1982)(proclaiming attorney's mental processes discoverable on "rare" occasions); see also In re Murphy, 560 F.2d 326, 336 (8th Cir.1977)        ( "[O]pinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances.").

Magee, supra, 172 F.R.D. at 643.

The erroneous analysis underpinning all of the cases which impose a so-called "bright-line" rule of unlimited disclosure of attorney work product provided to a party's expert was exposed in the case of In re Teleglobe Communications Corp., 392 B.R. 561 (Bkrtcy.D.Del.,2008).   The Teleglobe case involved a request to disclose drafts of the plaintiff's expert's reports, and in particular drafts which preceded and followed a meeting of the plaintiff's expert with plaintiff's attorney.   The Teleglobe court held that requiring the drafts to be disclosed would be improper because such disclosure would reveal comments and strategy of plaintiff's attorney in violation of

the attorney work product rule, F.R.C.P. Rule 26(b)(3) and its codification of the Supreme Court's opinion upon the subject in Hickman v. Taylor, 329 U.S. 495, 512, 67 S.Ct. 385, 91 L.Ed. 451 (1947) . Teleglobe, supra, 392 B.R. at 573-574.

The Teleglobe court then analyses the cases holding that attorney communications with experts are discoverable without any restrictions, among them the case of Reg'l Airport Auth. of Louisville v. LFG, LLC, 460 F.3d 697, 717 (6th Cir.2006) , cited in the Larkin letter.   The Teleglobe court finds that these cases are erroneously decided on grounds they rely upon an incorrect and incomplete reading of the Advisory Committee notes accompanying the 1993 revision of F.R.C.P 26 (a) (2):

> Those courts rely, in part, on the advisory committee's notes which state that "[g]iven this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinion--whether or not ultimately relied upon by the expert--are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." Fed.R.Civ.P. 26 advisory committee's notes (1993). The policy behind the mandated disclosure

articulated by the courts is to avoid the risk ... that the lawyer will do the thinking for the expert, or, more subtly, that the expert will be influenced, perhaps appreciably, by the way the lawyer presents or discusses the information.... The risks would be reduced, arguably considerably, if it were known that all communications from counsel that accompany the transmission of data [to the expert] would be reviewable by other experts (retained by opposing parties or appointed by the court) and made known to the trier of fact.

> Intermedics, Inc. [v. Ventritex, Inc., 139 F.R.D. 384] at 394.
> *The quotation from the advisory committee's notes, however, is truncated by the Courts which say it supports production of attorney work product received by an expert. In fact, the beginning of that note clarifies that the expert "is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions."* Fed.R.Civ.P. 26 advisory committee's notes (1993) (emphasis added). **This suggests that only factual data and information must be produced, not the legal theories or other attorney work product.**(emphasis added).

Teleglobe, supra, 392 B.R. at 573-574**.**

The Teleglobe court then went on to discuss the cases holding that attorney work product is not discoverable in conjunction with expert disclosure, including the Third Circuit cases which were controlling authority for Federal courts in Delaware.   The most cited and influential case against disclosure of attorney work product in conjunction with expert disclosure is Bogosian v. Gulf Oil Corp., 738 F.2d 587 (3rd Cir 1984) and a more recent Third Circuit case which reaffirmed the Bogosian court's holding, In re Cendant Corp. Securities Litigation, 343 F.3d 658 (3rd Cir. 2003).

The Courts which have held that only the facts and data supplied to the expert by an attorney are discoverable are in accord with the amendment of F.R.C.P. 26 (a) (2) (B) approved in late 2009 by the Judicial Conference, which may be effective on December 1, 2010.   "The Advisory Committee concluded eventually that the costs of this broad disclosure regime outweighed the benefits, and proposed amendments that may go into effect on Dec. 1, 2010, to change this situation. First, the disclosure provisions of Rule 26(a)(2) would be changed from "data or other information"

to "facts or data" and, second, Rule 26(b)(4) would be amended to provide work-product protection for draft disclosures and most attorney/expert communications." Wright & Miller: Federal Prac. & Proc. s 2015.6 and 2031.1.

According to the proposed Advisory Committee Note, "The refocus on disclosure of "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel. At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert." Wright & Miller: Federal Prac. & Proc. s 2031.1.

If the 1993 amendment to  F.R.C.P. 26 (a) (2) (B) and the Advisory Committee Note regarding it had been correctly interpreted by the so-called "majority" of Courts, there would be no need for the new amendment and new Advisory Committee Note directly contradicting the way the majority of Courts have interpreted the 1993 amendment to F.R.C.P. 26 (a) (2) (B) and the Advisory Committee Note regarding it.  "'This amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney–expert communications and draft reports.' Committee Note to 2010 amendment to Rule 26." Wright & Miller: Federal Prac. & Proc. s 2015.6 , footnote 13.

Based upon the forgoing, it is the so-called minority of Courts which have been correctly interpreting the 1993 amendment to  F.R.C.P. 26 (a) (2) (B) and the Advisory Committee Note regarding it, and therefore plaintiff respectfully submits that it is the <u>Magee</u> and <u>Teleglobe</u> cases, and those authorities cited within them, which should be followed.  It is respectfully submitted that this court should reject Mr. Larkin's invitation to blindly follow the so-called majority of courts over the cliff of error.  Instead, it is submitted that the this court should follow what has been proved to be the correct, albeit less chosen, path of protecting core attorney work product from disclosure.  Therefore, the letter to Dr. Soriano should be reviewed in camera and redacted to redact any "core" attorney work product, over and above facts and data provided to Dr. Soriano.  Plaintiff's counsel is prepared to send to the Court for the Court's in-camera inspection the letter referenced above as soon as the Court directs plaintiff's counsel to do so.

WHEREFORE, for the reasons set forth above, the Government should be denied a copy of plaintiff counsel's letter to Dr. Soriano.

Very truly yours,

**PAUL WILLIAM BELTZ, P.C.**

<u>s/ Robert B. Nichols</u>

Robert B. Nichols
robert.nichols@paulbeltz.com

cc:   William Larkin, Esq. (William.larkin@usdoj.gov)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHARLES MALMBERG,

        Plaintiff

      vs.                   Civil Case No. 06-CV-1042 (FJS/GHL)

UNITED STATES OF AMERICA,

        Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>CERTIFICATE OF SERVICE</u>


      I hereby certify that on January 4, 2010, I electronically filed the foregoing **LETTER BRIEF** with the clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

      William F. Larkin, Esq.
      william.larkin@usdoj.gov


                /s/ Nadine A. Mathis
                Nadine A. Mathis
                Legal Assistant