**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHARLES MALMBERG,**

                              **Plaintiff,**

                **v.**                                    5:06-CV-1042
                                                            (FJS/GHL)

**UNITED STATES OF AMERICA,**

                              **Defendant.**
_____

**APPEARANCES**                                          **OF COUNSEL**

**PAUL WILLIAM BELTZ, P.C.**               **ROBERT B. NICHOLS, ESQ.**
36 Church Street
Buffalo, New York 14202-3905
Attorneys for Plaintiff

**OFFICE OF THE UNITED**                 **WILLIAM F. LARKIN, AUSA**
**STATES ATTORNEY**
James Hanley U.S. Courthouse
& Federal Building
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

On or about September 15, 2006, Plaintiff filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, for injuries he sustained on or about November 4, 2004, during the course of a diskectomy at the Syracuse Veterans Administration Medical Center ("SVAMC"), in Syracuse, New York. Initially, Plaintiff retained

the services of H. Paul Lewis, M.D., a board certified neurosurgeon, whose deposition was taken on June 27, 2008. Unfortunately, Dr. Lewis passed away during the third week of July of 2008.

In July of 2009, Plaintiff retained the services of Morris Marc Soriano, MD, board certified in neurosurgery, who prepared a report dated July 27, 2009. Dr. Soriano's deposition was taken on November 9, 2009, at his office in Rockford, Illinois.

In his report, Dr. Soriano specified two violations of the standard of care that SVAMC committed during Plaintiff's diskectomy, including its failure to use magnification and illumination. Moreover, during his deposition, Dr. Soriano stated that, during the forty to fifty diskectomies he performs each year, he always uses magnification, and that the medical records from the three hospitals where he performed these surgeries would indicate this fact. *See* Defendant's Memorandum of Law at Exhibit "B," at 79-80.

On or about February 9, 2010, subpoenas were issued from the United States District Court for the Northern District of Illinois to Swedish American Hospital, St. Anthony Medical Center, and Rockford Memorial Hospital, each requesting copies of operative reports for diskectomies and/or spinal surgeries that Dr. Soriano had performed from January 1, 2005 to February 1, 2010. The subpoenas also provided that patient identifiable information could be redacted but, if possible, initials of the first and last name and gender should be provided. *See id.* at Exhibit "C."

Currently pending before the Court is Plaintiff's motion for a protective order and to quash the subpoenas duces tecum that the United States District Court for the Northern District of Illinois issued. Although the hospitals have not challenged the subpoenas, Plaintiff does.

## II. DISCUSSION

**A.      Court's authority to quash subpoena**

Although a protective order can be sought/determined in the court where the underlying action is pending, as well as the court from which the subpoena issued, the language of Rule 45(c) of the Federal Rules of Civil Procedure "appears to indicate that the appropriate venue for a motion to quash is the court that **issued** the subpoena." *Anderson v. Perales*, No. 91-CV-01294, 2006 WL 1555605, *4 (N.D.N.Y. June 6, 2006) (emphasis added); *see also Westernbank Puerto Rico v. Kachkar*, Nos. M8-85 X3, 07-1606, 2009 WL 856392, *2 (S.D.N.Y. Mar. 27, 2009) (citation omitted). The Court does not need to address this issue, however, because Plaintiff's motion fails for other reasons.

**B.      Standing**

A party ordinarily lacks standing to challenge a non-party subpoena with a motion for a protective order or to quash unless the party is seeking to protect a personal privilege or right. *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) (citation omitted); *see also Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (citations omitted).

Plaintiff claims that he is entitled to this relief because these non-party subpoenas are unreasonable, oppressive, and require the disclosure of privileged matter. *See* Affidavit of Robert B. Nichols dated February 16, 2010 ("Nichols Aff."), at ¶ 2. Moreover, Plaintiff claims that non-party subpoenas are subject to the Rule 26(c) protection from "annoyance, oppression, or undue burden or expense." *See id.* at ¶ 7.

Although Plaintiff claims that the information requested is privileged, he does not assert a personal privilege or right in the information; he is merely seeking to assert the rights of others. Moreover, no additional burden is placed on Plaintiff because the hospitals are the ones who need to comply with the subpoenas, and Defendant asserts that it will provide Plaintiff with a free copy of all materials it receives. As such, Plaintiff has not asserted any personal injury resulting from the subpoenas and, therefore, does not have standing to challenge their substantive reasonableness.

**C.    Prior notice**

Rule 45(b)(1) of the Federal Rules of Civil Procedure states that, "[i]f [a] subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). Thus, Rule 45(b)(1) requires a party serving a subpoena to serve "prior notice" to all of the other parties. *See Zinter Handling, Inc. v. Gen. Elec. Co.*, No. 04-CV-500, 2006 WL 3359317, *2 (N.D.N.Y. Nov. 16, 2006). It is well-settled that "prior" service means service on all opposing parties prior to the service of the subpoena, not merely prior to its return date. *See id.* (citations omitted). Although Plaintiff does not have standing to contest the substantive reasonableness of these non-party subpoenas, it is uncontested that Plaintiff has standing to challenge the subpoenas on this ground.

Some courts have quashed subpoenas where the party serving the subpoena did not strictly observe the prior notice rule. *See Cootes Drive, L.L.C. v. Internet Law Library, Inc.*, No. 01 CIV. 0877, 2002 WL 424647, *1-*2 (S.D.N.Y. Mar. 19, 2002). The majority approach,

however, requires that the aggrieved party demonstrate some form of prejudice resulting from the failure to provide prior notice. *See Zinter Handling, Inc.*, 2006 WL 3359317, at *2 (citations omitted); *Seewald v. IIS Intelligent Info. Sys., Ltd.*, Nos. 93 CV 4252, 95 CV 824, 94 CV 3603, 1996 WL 612497, *5 (E.D.N.Y. Oct. 16, 1996).

In the present matter, Defendant served the subpoenas on the non-party hospitals on February 9, 2010. *See* Defendant's Memorandum of Law at Exhibit "C." Defendant notified Plaintiff of the subpoenas on February 10, 2010, by email. *See* Plaintiff's Memorandum of Law at Exhibit "B." As such, Defendant failed to comply with Rule 45(b)(1).

Plaintiff, however, has failed to argue that he suffered prejudice from the lack of notice. Moreover, because Defendant mailed the subpoenas on February 9, 2010, it is very likely that Plaintiff actually received notice prior to the non-party hospitals receiving the subpoenas. Accordingly, Plaintiff suffered no prejudice from this technical violation of Rule 45(b)(1).[1]

### D.  Trial subpoenas

Plaintiff also challenges the subpoenas on the basis that they were issued after the close of discovery. The subpoenas at issue, however, are trial subpoenas and not discovery subpoenas; and Defendant will use the information it seeks solely for cross-examination and/or impeachment of Plaintiff's expert witness.

In certain circumstances, it is appropriate for parties to use trial subpoenas, such as for securing original documents previously disclosed during discovery or for purposes of memory

---

[1] The Court also notes that Defendant is not yet in possession of the requested documents because the hospitals have not yet complied, as they are awaiting the Court's disposition of this motion. *See* Defendant's Memorandum of Law at 11 n.5.

recollection or trial preparation. *See Revander v. Denman*, No. 00 Civ. 1810, 2004 WL 97693, *1 (S.D.N.Y. Jan. 21, 2004) (citation omitted). "'However, when a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied.'" *Id.* (quoting *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995)).

In the present matter, because Defendant intends to use the documents it has requested in these subpoenas for cross-examination and impeachment only, they are properly classified as trial subpoenas. The subpoenas are very limited in scope and relate to information revealed during Plaintiff's expert's deposition. *See id.* at *2 (holding that a subpoena that calls for "any and all records" is the kind of broad subpoena correctly issued during discovery, not on the eve of trial (citation omitted)).

Moreover, even if the Court were to find that these subpoenas were not properly classified as trial subpoenas but were discovery subpoenas, Defendant's delay in issuing them was not undue and was justified in light of the timing of Plaintiff's expert's deposition. Dr. Soriano's deposition took place on November 9, 2009, at which point Defendant became aware of the operative reports at issue. *See* Defendant's Memorandum of Law at Exhibit "B." Discovery closed on November 16, 2009, after the Court granted Plaintiff's numerous requests for extensions. *See* Dkt. Entry dated Nov. 16, 2009. Defendant did not receive the transcript of Dr. Soriano's deposition until November 27, 2009. *See* Defendant's Memorandum of Law at 12.

As such, to the extent that there was any delay in issuing these subpoenas before trial, it was reasonable. *See United States v. Scala*, 266 Fed. Appx. 41, 45 (2d Cir. 2008) (denying

motion to quash pre-trial subpoena when the government had reasonable explanation for the delay and the information sought was specific and relevant).

**E.     Protective order**

Plaintiff also seeks a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure "from serving or enforcing non-party subpoenas duces tecum to non-parties which have a return date after the date set for the completion of discovery. . . ." *See* Nichols Aff. at ¶ 6.

"'Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Firmode Int'l Co. Ltd. v. Int'l Watch Group, Inc.*, No. CV 2008-4890, 2009 WL 3698137, *1 (E.D.N.Y. Nov. 2, 2009) (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)).  The court where the action is pending may issue protective orders for a number of reasons, including "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).

As with the motion to quash, Plaintiff lacks standing to move for a protective order.  By the very language of Rule 26(c)(1), only "a party or any person from whom the discovery is sought may move for a protective order . . . ." *Id.*  Plaintiff is neither the person nor the party from whom Defendant seeks this discovery.  Moreover, the scope of the requests is reasonable (both temporally and regarding the information sought) and is critical to Defendant's ability to cross-examine Dr. Soriano.  Finally, the subpoenas do not create an undue burden or expense on the non-parties who did not, themselves, move to quash the subpoenas.

Accordingly, the Court denies Plaintiff's motion for a protective order.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to quash or, in the alternative, for a protective order is **DENIED.**

**IT IS SO ORDERED.**

Dated: March 24, 2010
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge